# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

ISAIAS PLANCENCIA PEREZ,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. CV 11-4079-MWB
(No. CR 9-4067-MWB)

**MEMORANDUM OPINION AND ORDER RE PETITIONER'S SECTION 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standards For § 2255 Relief* . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. Procedural Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . . 6
      *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 8
      *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      *2. Failure to object to criminal history* . . . . . . . . . . . . . . . . 11
      *3. Failure to object to criminal history points for recency* . . . . 14
      *4. Failure based on quality* . . . . . . . . . . . . . . . . . . . . . . . . 14
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. INTRODUCTION

This case is before me on petitioner Isaias Plancencia Perez's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on September 6, 2011. Perez claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways. The respondent denies that Perez is entitled to any relief on his claims.

### A. *The Criminal Proceedings*

On December 16, 2009, Perez was charged by a two-count Indictment (Crim. docket no. 2). The first count of the indictment charged Perez with distribution of 5 grams or more of actual methamphetamine on or about June 26, 2009, having previously been convicted of a felony drug offense in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. *See* Crim. docket no. 2. The second count of the indictment charged Perez with distribution of 5 grams or more of actual methamphetamine on or about July 10, 2009, having previously been convicted of a felony drug offense in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(B) and 851. *See* Crim. docket no. 2. On December 22, 2009, Perez appeared in front of then Chief United States Magistrate Judge Paul A. Zoss to plead not guilty to the Indictment. *See* Crim. docket no. 6.

On February 2, 2010, Perez appeared before Judge Zoss to change his plea to guilty to both counts of the Indictment. *See* Crim. docket no. 19. That same day, Judge Zoss filed a Report And Recommendation Concerning Plea Of Guilty (Crim. docket no. 20), recommending that Perez's plea of guilty be accepted. I entered an Order Concerning

Magistrate's Report And Recommendation Regarding Defendant's Guilty Plea (Crim. docket no. 22) on February 17, 2010, thereby accepting Perez's guilty plea.

Perez appeared before me on May 4, 2010, for a sentencing hearing. *See* Crim. docket no. 30. I found that Perez's offense level was 25. Sent. Trans. at 16. I determined that, even after reducing Perez's criminal history by two points based on the expected amendment and removal of the recency provision, Perez remained in a criminal history category of 6. Sent. Trans. 16-17. This established Perez's guideline range as 110 to 137 months. Sent. Trans. at 16. However, because Perez was subject to a § 851 enhancement for his prior felony drug conviction, there was an applicable mandatory minimum sentence of 120 months. Sent. Trans. at 16. This made Perez's effective guideline range 120 to 137 months. Sent. Trans. at 16. I determined that the appropriate sentence, in Perez's case, after consideration of the 18 U.S.C. § 3553(a) factors, and after voicing concern at the number and frequency of his drunk driving offenses, was at the middle of the guideline range, and sentenced Perez to 130 months. Sent. Trans. at 17.

### B. *The § 2255 Motion*

On September 6, 2011, Perez filed a *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1). On April 6, 2012, counsel appointed to represent Perez on his § 2255 Motion filed a Motion to Withdraw and an *Anders* Brief (Civ. docket no. 13). The respondent filed a Response and Memorandum (Civ. docket no. 14), on May 2, 2012. Perez filed a *Pro Se* Supplemental Brief (Civ. docket no. 17), on June 20, 2012. On June 27, 2012, the respondent filed a Response and Memorandum (Civ. docket no. 18), to Perez's Supplemental Brief.

## II. LEGAL ANALYSIS

### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780.

4

One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration

5

"'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

With these standards in mind, I turn to analysis of Perez's claims for § 2255 relief.

### B. Procedural Matters

#### 1. Need for an evidentiary hearing

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion in not holding an evidentiary

6

hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence"). Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro*, 538 U.S. at 500, that does not mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion. In this case, I conclude that no evidentiary hearing is required on any issue because the record conclusively shows that Perez's allegations either cannot be accepted as true, because they are contradicted by the record, or because, even if Perez's allegations were accepted as true, they would not entitle him to relief. *Buster*, 447 F.3d at 1132. "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (citing *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (internal quotations and citation omitted)).

   2.   *Procedural default*

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

7

To the extent that I can construe Perez's claims as claims of ineffective assistance of counsel, I will consider them on the merits.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466

U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689). Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.,* at 690, 104 S. Ct. 2052. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.,* at 688, 104 S. Ct. 2052. The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.,* at 690, 104 S. Ct. 2052.

9

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. To put it another way,

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S. Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 787 (2011); *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Richter*). There are two substantial impediments to making the required showing of deficient performance. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'" *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice. *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92). "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691). As the Supreme Court has explained,

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid*. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ----, 131 S. Ct., at 791.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. However, even where the petitioner "suffered prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the lawyer's error was also the result of conduct that was professionally unreasonable at the time. *King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as sequential. Thus, if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

### 2. *Failure to object to criminal history*

Perez alleges that his trial counsel provided ineffective assistance by failing to object to the allocation of one criminal history point for a 2005 driving violation. Brief at 3. In

an *Anders* brief, Perez's habeas counsel asserts that removing the allocation of one criminal history point for this offense would not have made a difference to Perez's sentence, because Perez had been convicted of other offenses that would then have been allocated one criminal history point. *Ander's* Brief at 7. Respondent asserts that Perez is unable to establish that he was prejudiced by his trial counsel's failure to object to the allocation of one criminal history point for this prior conviction. Response at 7.

Perez was convicted of driving while revoked and unlawful use of a license in Woodbury County, Iowa, on April 24, 2005. PSIR ¶ 41. Perez was sentenced to seven days in jail on the driving while revoked charge and received only a fine on the charge of unlawful use of a license. PSIR ¶ 41. The PSIR allocated one criminal history point for this conviction. PSIR ¶ 41. Although Perez had enough prior convictions to support a subtotal of fifteen criminal history points, he was only allocated fourteen, pursuant to U.S.S.G. § 4A1.1(c), which limits the allocation of criminal history points for certain convictions to four. PSIR ¶ 46. Perez was allocated two additional criminal history points because the instant offense was committed less than two years following his release from custody on a prior felony, bringing his total criminal history points to sixteen. PSIR ¶ 47. This calculation placed Perez in Category VI of the Sentencing Table. PSIR ¶ 48. At Perez's sentencing hearing, I stated that I would reduce his criminal history points by two because the recency provision was likely to be amended in the near future. Sent. Trans. at 16-17.

I determined that Perez's total offense level was 25, giving him an advisory sentencing guideline range of 110 to 137 months. Sent. Trans. at 16. Because of the applicable mandatory minimum in Perez's case, his effective guideline range became 120 to 137 months. Sent. Trans. at 16.

I do not need to decide, here, whether the conviction that Perez alleges should not have been allocated one criminal history point was appropriately allocated one point, nor do I need to determine whether any other conviction would have been allocated one point in the place of the disputed point, because, on this record, the lowest number of criminal history points Perez could have been allocated, would have been thirteen. Pursuant to the sentencing table, Perez only needed thirteen criminal history points to remain in category VI, and, therefore, would have remained subject to a sentencing range of 110 to 137 months, with a mandatory minimum of 120 months. U.S.S.G. § 5A. Perez has not provided any reason why removal of one criminal history point for the April 24, 2005, conviction would have altered my consideration of his sentence. His advisory guideline range would have remained the same, and I determined that a sentence in the middle of the guideline range was appropriate, given my concern about Perez's previous drunk driving convictions, which would have remained unchanged. Sent. Trans. at 17. Perez has not demonstrated that there would have been any reason to reduce the sentence that was imposed.

Perez cannot establish prejudice because he has not shown that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If a movant fails to establish prejudice resulting from counsel's alleged deficiencies, I do not need to inquire into the effectiveness of counsel. *See Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.") (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997). Perez's claim of ineffective assistance, on this ground, fails.

### 3. *Failure to object to criminal history points for recency*

Perez asserts that his trial counsel provided ineffective assistance by failing to object to the addition of two criminal history points because his instant offense was committed within 2 years of being released on a prior felony. Motion at 12. Perez's habeas counsel, however, correctly indicates that I adjusted Perez's sentence by not including two criminal history points for the recency of his offense. *Anders* Brief at 8. The respondent argues that this is a sentencing guideline claim and is not cognizable in a § 2255 proceeding. Response at 8.

To the extent that I construe Perez's claim as an allegation of ineffective assistance of counsel, it is cognizable as a § 2255 claim. Pursuant to U.S.S.G. § 4A1.1(e), Perez was allocated two additional criminal history points because his instant offense was committed less than two years following his release from custody on a felony charge. PSIR ¶ 47. Perez's sentencing hearing occurred on May 4, 2010, and the guideline section providing for allocation of two points for the "recency" of a conviction, was expected to be removed by amendment in November of 2010. Sent. Trans. at 16-17. For this reason, as reflected by the sentencing transcript, I reduced Perez's criminal history calculation by two points. Sent. Trans. at 16-17.

Perez simply did not understand that he received the benefit of a reduction based on an expected amendment of the "recency" provision. He cannot demonstrate that there is a reasonable probability that his sentence would have been any different. Therefore, his claim of ineffective assistance, on this ground, fails.

### 4. *Failure based on quality*

After withdrawal of his habeas counsel, Perez filed a Supplemental Brief in which he appears to argue that his trial counsel was ineffective because Perez was "charged and sentenced…with "ACTUAL (pure) methamphetamine," when what he was responsible for

could only have been "40% pure." Supp. Brief at 1. Respondent asserts that this claim was not raised on appeal and that it is not a cognizable § 2255 claim. Response to Supp. at 3.

To the extent that I construe Perez's claim as an allegation of ineffective assistance of counsel, it is cognizable as a § 2255 claim. However, Perez's claim cannot succeed because the plea hearing transcript clearly establishes that Perez fully understood at his plea hearing that the charges he was pleading guilty to required proof that he distributed at least 5 grams of pure methamphetamine, on both counts of the indictment. Plea Hrg. at 9-11. The court spent some time discussing the fact that more than 5 grams of pure methamphetamine were included in each count of the indictment, and Perez and his trial counsel verified that more than 5 grams of pure methamphetamine were, in fact, involved in each transaction in question. Plea Hrg. at 9-11. During the plea hearing, Perez indicated that he was satisfied with his counsel and had discussed the charges with him prior to pleading guilty. Plea Hrg. at 6. Statements made under oath during a plea hearing "carry a strong degree of verity." *Wiles v. Jones*, 960 F.2d 751, 753 (8th Cir. 1992) (citing *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. 1992) *cert. denied*, 469 U.S. 842 (1984).

Perez has not established either that his trial counsel performed deficiently or that he was prejudiced by pleading guilty to both counts of the indictment. Therefore, his claim, on this ground, fails.

### D. Certificate Of Appealability

Denial of Perez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate

of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Perez has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Perez's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those

issues differently. *Cox*, 133 F.3d at 569. Therefore, Perez does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, Perez's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 3), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of November, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA